

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00010-CV
_____

INGER HALL, Appellant

V.

HERMAN TYESKIE AND LAW OFFICE OF MYLA G. MAYBERRY, P.C.,
INDIVIDUALLY/JOINTLY, Appellees

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2020-2260-CCL2

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

# MEMORANDUM OPINION

Inger Hall has appealed the trial court's January 27, 2022, summary judgment order. Upon our review of the clerk's record, filed on March 31, 2022, we noted a potential defect in the Court's jurisdiction over this appeal.

Our jurisdiction is constitutional and statutory in nature. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (Supp.). Unless we are given specific authority over an interlocutory appeal from a particular type of order, we have jurisdiction only over appeals from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The trial court's January 27, 2022, summary judgment order does not appear to dispose of all claims and parties in the litigation. The January 27 order, on its face, addresses and dismisses only Hall's claims of common-law fraud, conversion of money, and negligence against the Law Office of Mayla G. Mayberry, P.C. The last sentence of the order states, "This judgment finally disposes of all claims against Defendant, Law Office of Myla G. Mayberry, P.C., in this lawsuit and is appealable."

In *Lehmann*, the Texas Supreme Court stated,

> We . . . hold that in cases in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.

*Lehmann*, 39 S.W.3d at 192–93. The trial court's January 27 order does not dispose of all claims and parties and does not, with unmistakable clarity, state that it is final as to all claims and all parties. Further, there is no indication in the record currently before this Court that the trial court

2

entered a severance order. As a result, it appears that the January 27 order is interlocutory and we, therefore, are without jurisdiction to hear this appeal.

By letter dated March 31, 2022, we notified Appellant of this potential defect in our jurisdiction and afforded her the opportunity to show this Court how it had jurisdiction over the appeal notwithstanding the noted defect. We further informed Appellant that the failure to respond by April 11, 2022, would result in dismissal of the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Appellant's response to our letter agreed with our assessment of *Lehmann* but stated that, if the notice of appeal failed to invoke this Court's jurisdiction, the dismissal of this case would document counsel's efforts to preserve appellant's future right of appeal.

We find that the trial court's January 27, 2022, order was not final and appealable. Consequently, we are without jurisdiction over this appeal.

We dismiss this appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice

Date Submitted:     April 13, 2022
Date Decided:       April 14, 2022